UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANELLE THOMPSON,

    Plaintiff,

v.                             Case No: 2:15-cv-53-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Before the Court upon review of Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) (Doc. 30), filed on April 12, 2016. Plaintiff moves pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for an award of attorney's fees in the amount of $7,106.00 and paralegal fees in the amount of $12.00 for a total of $7,118.00. Doc. 30 at 1. Plaintiff represents that the Commissioner is opposed to the requested relief. The Commissioner, however, has not filed a response in opposition, and the time has expired for it to do so. Failure to respond creates a presumption that the motion is unopposed. *Great American Assur. Co. v. Sanchuk, LLC*, 2012 WL 195526, at *3 (M.D. Fla. 2012). For the reasons stated herein, the Motion is granted.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million

at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

In this case, on March 15, 2016 the Court entered an Opinion and Order reversing and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 28. Judgment was entered the next day. Doc. 29. Plaintiff also asserts that the Commissioner's position in the underlying action was not substantially justified and that her net worth at the time this proceeding was filed was less than $2 million. Doc. 30 at 2. The Court finds that all conditions have been met.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel, Carol Avard and Mark Zakhvatayev, are requesting an adjusted hourly rate that is authorized by applying the cost-of-living adjustment to the $190.00 ceiling for work they performed in 2015 and 2016 and $60.00 per hour

for work their paralegal performed in 2015 and 2016. Because the adjusted hourly rates sought are within the rates permitted by the EAJA, the Court finds that $190.00 per hour in 2015 and 2016 is an appropriate and reasonable hourly rate. Plaintiff's counsel also has submitted timesheets that include an itemization of legal services performed. Doc. 30 at 17-18. Attorney Avard spent a total of 26.6 hours of work in 2015 and .6 hours of work in 2016 on Plaintiff's case. *Id.* Attorney Zakhvatayev spent a total of 2.3 hours of work in 2015 on Plaintiff's case and the paralegal spent a total of .2 hours in 2015. *Id.* After reviewing the description of the services provided, the Court also concludes that the time is reasonable and properly compensable.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) (Doc. 30) is **GRANTED**. Attorney's fees in the amount of $7,118.00 shall be awarded to Plaintiff pursuant to the EAJA, 28 U.S.C. § 2412(d). If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

2. The Clerk is directed to enter judgment for Plaintiff as to attorney's fees in the amount of $7,118.00.

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record